IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:21-CR-00446-ECM |
| | ) | |
| STEVEN JOHN SMALLEY | ) | |

### MOTION FOR PRETRIAL RULING ON INSANITY JURY INSTRUCTION

**COMES NOW** the Defendant, **STEVEN JOHN SMALLEY,** and moves this Court to make a pretrial ruling that Mr. Smalley will receive an Insanity Jury Instruction given his proffer of evidence that he will present to the jury regarding his mental state at the time of the offense. The bulk of this proffered evidence is contained in two forensic psychological evaluation reports written by Dr. David Ghostley and Adriana Flores.

### Factual Backgroud

It is expected that the Government will present evidence in this case that on September 14, 2021, the Dothan Police Department (DPD) responded to a Shell gas station regarding a carjacking/armed robbery. The Government will likely present surveillance video that will depict the suspect, the robbery, and the discharge of a firearm. DPD body and dash cam videos show an individual, later identified as Steven John Smalley, being pulled over in a vehicle that matches the general description of car that was the subject of the carjacking. The suspect pulled over in the vehicle and captured on DPD video is seen wearing clothing consistent with the suspect who committed the carjacking, depicted in the videos from the Shell Gas Station.

### The Insanity Defense

Mr. Smalley originally filed his Insanity Defense notice pursuant to Rule 12.2(a) on

1

December 22, 2021. Mr. Smalley also filed notice that he intended to offer expert testimony through Dr. David Ghostley relating to mental disease or defect. Mr. Smalley later sought the opinion of another expert, forensic and clinical psychologist Dr. Adriana Flores. Counsel provided the Government a summary of Dr. Flores's expected testimony on March 17, 2023, and a more complete report by Dr. Flores was provided to the Government on May 5, 2023. Mr. Smalley filed an updated Insanity Defense Notice with the Court on June 2, 2023.

Mr. Smalley has given adequate notice of his insanity defense. Mr. Smalley's entire defense is centered around the psychological evidence he will offer to support his affirmative insanity defense and psychiatric evidence to negate specific intent. Without the Insanity jury instruction, Mr. Smalley has almost no chance of prevailing at trial and for this reason he files this motion seeking a preliminary pretrial ruling.

## Law and Analysis

In the Eleventh Circuit, a Defendant obtains a jury instruction for insanity when "the evidence would allow a reasonable jury to find that insanity has been shown with clear and convincing evidence." *United States v. Owens,* 854 F.2d 432, 435 (11th Cir. 1988). "Recalling the jury's right to determine credibility, to weigh the evidence and to draw reasonable inferences of fact, ***the trial judge must construe the evidence most favorably to the defendant***. The Court also needs to remember that, although the 'clear and convincing' standard is a fairly high one, 'clear and convincing' does not call for the highest levels of proof. If the evidence would permit the jury to find a high probability that defendant was insane, an insanity instruction is required" *Id.* at 435-436. ***(emphasis added).*** The Court in *Owens* determined that the defendant was due an insanity instruction because Mr. Owens' own expert, Dr. Cook, 'testified that she diagnosed

2

Owens as a 'psychotic' who would lose touch with reality.    Viewing the evidence in a light most favorable to the defendant, Owens presented enough evidence to require an instruction pursuant to 18 U.S.C. Sex. 17." *Id.* at 436.

Mr. Smalley will present evidence from two expert witnesses at trial.    Dr. David Ghostley opines that Mr. Smalley "was influenced by compelling auditory hallucinations and delusional thinking about reunification with his ex-wife." (Doc. 25, p. 5). As such, it is Dr. Ghostley's opinion that Mr. Smalley was heavily influenced by severe mental disease or defect.    Dr. Ghostley further opined that Mr. Smalley's "paranoia and auditory hallucinations…made him feel that his overriding intention was right with respect to saving his marriage" and that "his overriding and most powerful motivation was perceived as being right." (Doc. 25, p. 5).    Dr. Ghostley notes that a store employee at the gas station where the carjacking occurred described Mr. Smalley as "crazy" on several occasions.1

Dr. Flores's opinion is that "Mr. Smalley's actions, as they relate to the offense, were significantly influenced by, and were a product of psychotic symptoms that had developed in the days leading up to the offense…the onset of depression due to the demise of Smalley's marriage was the straw that broke the camel's back, so to speak.    It is what likely contributed to the onset of paranoid delusions focused on his wife and her safety…Morally, he was doing the right thing-saving his wife and himself."2  Dr. Flores's report indicates that text messages written by Mr. Smalley and received by Mr. Smalley's mother, Janice Smalley 3 demonstrate that Mr. Smalley

---

1 These statements by the gas station employee are captured on DPD body camera video.

2 Counsel will submit Dr. Flores's Report as Defense Exhibit #1 under seal.

3 Copies of these text messages were provided to the Government since Dr. Flores relied upon them in forming her opinion.

was already suffering from the wife/ heroin delusions on September 8, 2021, several days prior to the instant offense.

Mr. Smalley will also call lay witnesses that can testify at trial about when Mr. Smalley began ruminating on his delusions about his wife being in danger and her heroin use. These delusions began in the *weeks* before the offense.

Mr. Smalley's arrest was also filmed on DPD body camera and dash camera footage. Mr. Smalley, upon his arrest, exclaims over and over to arresting officers that his family is in trouble, and he provides officers with an address so they can go check on his wife. This evidence supports the delusions that both Dr. Ghostley and Dr. Flores believe contributed to the commission of the offense.

There is no evidence that Mr. Smalley was voluntarily using methamphetamine or any other drug at the time of the offense. The Government's own expert's opinion is that Mr. Smalley was not suffering from a mental disease or defect and that he was exaggerating psychiatric complaints," or malingering. (Doc. 32. p. 13 of Sanity Report). She does not opine that he was suffering from psychosis due to voluntary intoxication.

## Conclusion

The evidence that Mr. Smalley will provide the jury, particularly the opinions of two respected forensic and clinical psychologists is clearly enough to warrant a pretrial finding by this Court that Mr. Smalley should receive an Insanity Jury instruction.

Dated this 26th day of June, 2023.

Respectfully submitted,

**s/ Cecilia Vaca**
**CECILIA VACA**
Bar No.: LA27157
Bar No.: AZ025907
Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Cecilia_Vaca@fd.org

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CR. NO. 1:21-CR-00446-ECM |
| | ) |
| STEVEN JOHN SMALLEY | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**s/ Cecilia Vaca**
**CECILIA VACA**
Bar No.: LA27157
Bar No.: AZ025907
Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Cecilia_Vaca@fd.org

6